**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000025
12-JUN-2018
09:46 AM**

NO. CAAP-17-0000025

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANTHONY MARK ALBERT, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0118)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Anthony Mark Albert (**Albert**) appeals from the Judgment, Guilty Conviction and Sentence (**Judgment**) entered on November 16, 2016, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

Plaintiff-Appellee State of Hawai'i (**State**) indicted Albert on two counts of criminal solicitation to commit murder, in violation of Hawaii Revised Statutes (**HRS**) §§ 705-510 (2014), and 707-701(1)(d) (2014). Count I was dismissed prior to trial. Following a trial by jury, Albert was convicted on Count II and sentenced to a maximum term of twenty years of imprisonment.

---

[1] The Honorable Judge Colette Y. Garibaldi presided.

Albert raises five points of error on appeal, contending that the Circuit Court erred in: (1) admitting into evidence other crimes, acts, and/or wrongs that were in violation of Hawaii Rules of Evidence (**HRE**) Rule 404(b); (2) not allowing Albert "to elicit testimony regarding the arrest of Charlie Ah Yun (**Ah Yun**) which was probative evidence of Ah Yun's interest, bias, motive, to 'turn State's witness' and seek lenience in his own case by using [Albert's] matter;" (3) denying Albert's motion for judgment of acquittal because no reasonable jury could have convicted him of criminal solicitation to commit murder because police solicited and enticed him to commit the crime; (4) denying his motion for a new trial because the cumulative error from the court's evidentiary rulings caused a miscarriage of justice requiring a new trial; and (5) imposing a sentence for a class A felony as the offense of criminal solicitation to commit murder should have been classified as a class C felony based on Hawai'i Supreme Court precedent and the rule of lenity.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Albert's points of error as follows:

(1) Albert argues that the Circuit Court erred in admitting evidence at trial regarding Albert's payment of $5,500 to two individuals, one of whom was Ah Yun, prior to contact with law enforcement, as that conduct was uncharged conduct and evidence of prior bad acts. Albert states that the danger of

unfair prejudice from the evidence substantially outweighed its probative value and, therefore, it should have been excluded.

Albert identifies two instances in which he claims "prior bad acts" evidence was admitted at trial in error. In the first instance, the following exchange occurred during the State's examination of Detective Roel Gapusan (**Detective Gapusan**):

> [State]    And [was] there any specific information
> as to when [the murder for hire] is
> supposed to happen or any information that
> said that it was going to happen soon so
> you guys wanted to initiate the operation
> right away?
>
> [Detective Gapusan] Well, there was - - there [were]
> concerns that he had already tried before.
> So we -
>
> [Defense Counsel] Objection, Your Honor. Move to
> strike.
>
> [The Court] Yeah. Objection sustained. You're to
> disregard the officer's response. Next
> question.

In the second instance, the State asked Detective Gapusan what Albert had discussed with him after he was patted down, and Detective Gapusan responded that Albert told him that "he paid two guys earlier $5,500 to . . . do the job, but they didn't follow through." Albert objected on the basis that the statement to which the detective was referring "wasn't recorded" on the tape. Counsel clarified that Albert's objection was that "those statements weren't made on the tape," referring to the police recording made of the interactions between Albert and law enforcement. This was Albert's only objection to this testimony, and was overruled because Albert would have the opportunity to cross-examine Detective Gapusan.

Albert argues on appeal that the challenged evidence should have been excluded under State v. Pinero, 70 Haw. 509, 778 P.2d 704 (1989). It appears, however, that this case is cited for the basic proposition that, under **HRE** Rule 404(b), evidence of the defendant's other crimes, wrongs, and acts are inadmissable to prove the defendant's character or that he likely acted in conformance with that character. Id. at 517-18, 778 P.2d at 710-11. HRE Rule 404(b) provides, in part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

Therefore, under this rule, the purpose for which evidence of other crimes, wrongs, or acts is offered is critical to determine whether that evidence may be admitted at trial. This court has explained:

> Under HRE Rule 404(b), 'other bad act' evidence is admissible when: 1) it is relevant to any fact of consequence other than the defendant's propensity to commit the crime charged; and 2) its probative value is not substantially outweighed by the danger of unfair prejudice.

State v. Steger, 114 Hawai'i 162, 172, 158 P.3d 280, 290 (App. 2006) (citing State v. Renon, 73 Haw. 23, 31-32, 828 P.2d 1266, 1270 (1992)).

Regarding the first challenged instance of the admission of the bad act evidence, an objection was made by Albert and sustained by the Circuit Court. The Circuit Court instructed the jury to disregard the answer. Generally, where the court sustains an objection, the offending statement by the

4

witness is struck, and the jury is instructed to disregard the statement, the harm or prejudice resulting therefrom is cured. See State v. Kassebeer, 118 Hawai'i 493, 519, 193 P.3d 409, 435 (2008) ("Short of insurmountable prejudice, 'any harm or prejudice resulting to the defendant can be cured by the court's instructions to the jury,' because 'it will be presumed that the jury adhered to the court's instructions'") (citation omitted).

Regarding the second instance, Albert did not object. In addition, there were other instances at trial in which the evidence that Albert previously paid two individuals to kill Mike Chu (**Chu**) was admitted at trial without objection, including the DVD exhibit that recorded the entire conversation between Detective Gapusan and Albert, which includes Albert's statements regarding the previous payments. Albert's questioning of Officer Tanuvasa elicited the same testimony regarding Albert's previous payments to two other individuals for the murder, and Albert did not move to strike the answer. Therefore, even if the Circuit Court were inclined to deny the admission of this evidence, Albert's failure to properly object to the admission of the evidence at other times at trial would have required the Circuit Court to interject *sua sponte*. Such a claim of error on appeal is generally waived even if the evidence was objected to at trial on other grounds. See State v. Metcalfe, 129 Hawai'i 206, 224-25, 297 P.3d 1062, 1080-81 (2013); State v. Crisostomo, 94 Hawai'i 282, 290, 12 P.3d 873, 881 (2000) ("A hearsay objection not raised or properly preserved in the trial court will not be

considered on appeal. This is true even where the testimony is objected to on other grounds.") (citations omitted).

Moreover, we conclude that Albert's contention is without merit. One of the permitted uses of evidence of prior bad acts is where the evidence is probative of the defendant's intent. See HRE Rule 404(b). The Hawaiʻi Supreme Court has explained that intent "refers to the state of mind with which an act is done or omitted." State v. Fetelee, 117 Hawaiʻi 53, 83, 175 P.3d 709, 739 (2008) (citation omitted). "Proof of the required mental element of the offenses charged, i.e., intent, is admissible because it does not require an inference as to the character of the accused or as to his conduct." Id. (citation omitted). However, in order to be admissible, the prior bad act "must be similar to the offense charged." Id. at 84, 175 P.3d at 740 (citation and internal quotation marks omitted).

The primary issue at trial was Albert's intent with regard to his interactions with law enforcement. Albert was charged with criminal solicitation to commit murder. HRS § 705-510 provides:

> § 705-510 Criminal solicitation. (1) A person is guilty of criminal solicitation if, with the intent to promote or facilitate the commission of a crime, the person commands, encourages, or requests another person to engage in conduct or cause the result specified by the definition of an offense or to engage in conduct which would be sufficient to establish complicity in the specified conduct or result.
>
> (2) It is immaterial under subsection (1) that the defendant fails to communicate with the person the defendant solicits if the defendant's conduct was designed to effect such communication.

(Emphasis added). The State charged Albert with soliciting the commission of first-degree murder, a violation of HRS § 707-

6

701(1)(d),[2] which required the State to prove that Albert intended to promote or facilitate "the death of . . . [a] person by a hired killer[.]" Therefore, it was necessary that the State prove that Albert intended to cause the death of Albert's ex-wife's boyfriend, Chu, in his interactions with Detective Gapusan.

The prior bad acts referred to at trial, the previous payment by Albert of money to two individuals for the purpose of causing Chu's death, is very similar to the offense charged and was alleged to be part of Albert's ongoing scheme to arrange Chu's murder. Albert, testifying in his own defense, admitted to paying the two men, but claimed that even though he made the payments, he was coerced into doing so and he did not actually intend to cause Chu's death. Albert testified that he was merely playing along, that he was manipulated by a scheme created by Ah Yun, and that he did not actually intend for Chu to be murdered. Evidence that Albert told Detective Gapusan that he had already tried to pay two individuals for the purpose of murdering Chu, but they had failed to follow through, is relevant to Albert's intent in his interactions with undercover law enforcement. See, e.g., U.S. v. Foster, 344 F.3d 799, 801-02 (8th Cir. 2003)

---

[2]     HRS § 707-701(1) states, in relevant part:

§ 707-701  **Murder in the first degree.**  (1) A person commits the offense of murder in the first degree if the person intentionally or knowingly causes the death of:

. . . .

(d)     A person by a hired killer, in which event both the person hired and the person responsible for hiring the killer shall be punished under this section[.]

(concluding that the defendant's defense, which closely resembled a "mere presence" defense, placed his state of mind into question and supported the admission of his prior drug trafficking conviction to prove his knowledge and intent regarding the charged drug offense). Albert's statements to Detective Gapusan regarding the previous payments, which contradicted Albert's testimony at trial, were relevant to Albert's intent and, therefore, the evidence was not admitted solely to show Albert's character and that he acted in conformity with that character.[3]

Therefore, we conclude that the Circuit Court did not err in the admission of the challenged evidence.

(2) Albert argues that the Circuit Court erred in not allowing him to elicit testimony regarding the alleged arrest of Ah Yun, which was probative of Ah Yun's interest, bias, and motive. Ah Yun did not testify at trial. The following exchange occurred at trial during Albert's questioning of Detective Gapusan:

> [Albert] All right. Did -- did Officer Tanuvasa inform you of a recent arrest of Mr. Ah Yun?
> [State] Objection again. Arrest of whom?
> [Albert] Arrest of Mr. Ah Yun.
> [State] Okay. Objection. Not relevant. Prejudicial.
> [Court] It's not relevant. Sustained.

---

[3] Albert does not argue that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. See Steger, 114 Hawai'i at 172-73, 158 P.3d at 290-91.

Albert cites HRE Rule 609.1(a)[4] and argues that the Confrontation Clause in the Sixth Amendment to the United States Constitution requires the admission of this evidence. As explained recently by the Hawai'i Supreme Court:

> An accused's right to demonstrate the bias or motive of prosecution witnesses is protected by the sixth amendment to the United States Constitution, which guarantees an accused, *inter alia*, the right to be confronted with the witnesses against him. Indeed, the main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination* . . . [and] the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross examination. Additionally, HRE Rule 609.1(a) (1993) provides that the credibility of a witness may be attacked by evidence of bias, interest, or motive. This court has established that bias, interest, or motive is *always relevant* under HRE Rule 609.1.

State v. Acacio, 140 Hawai'i 92, 98-99, 398 P.3d 681, 687-88 (2017) (citations and internal quotation marks omitted; emphasis added). Thus, the Confrontation Clause and HRE Rule 609.1 only address the right to attack the "credibility of a witness" at trial by evidence of bias, interest, or motive. See id.; HRE Rule 609.1(a).

The cases cited by Albert all pertain to the Confrontation Clause and the right of a defendant to cross-examine a witness regarding his or her bias, interest, motive, or reliability. See, e.g., State v. Sabog, 108 Hawai'i 102, 109, 117 P.3d 834, 841 (App. 2005) (addressing defendant's claim he

---

[4]     HRE Rule 609.1 states:

**Rule 609.1     Evidence of bias, interest, or motive.**
(a) General rule. The credibility of a witness may be attacked by evidence of bias, interest, or motive.

(b) Extrinsic evidence of bias, interest, or motive. Extrinsic evidence of a witness' bias, interest, or motive is not admissible unless, on cross-examination, the matter is brought to the attention of the witness and the witness is afforded an opportunity to explain or deny the matter.

should have been allowed to cross-examine witness regarding pending felony charges); Wilson v. U.S., 232 U.S. 563, 568 (1914) (addressing whether evidence of witness's recent morphine use was admissible as evidence regarding her reliability as a witness); Doe v. State, 487 P.2d 47, 58 (Alaska 1971) (addressing whether defendant should have been allowed to question the witness regarding his use of LSD and whether it was affecting him at the time of the events to which he was testifying at trial).

Ah Yun did not testify at trial. Rather, he supplied law enforcement with the tip indicating that Albert had sought and was still seeking an individual to murder Chu. None of the authorities cited by Albert support his claim that either HRE Rule 609.1 or the Confrontation Clause required the Circuit Court to admit the evidence attacking Ah Yun's credibility, and we find none.

Therefore, we reject Albert's argument that the Circuit Court erred when it refused to admit the statement into evidence.

(3) Albert argues that no reasonable jury could have convicted him "as the police solicited [Albert] and enticed him to commit the charge for which he was accused; [Albert] was not predisposed to commit the sole remaining charge [of criminal solicitation to commit murder]." Therefore, according to Albert, the Circuit Court erred in denying his motion for judgment of acquittal.

HRS § 702-237 (2014) makes "entrapment" an affirmative defense to any prosecution and states, in relevant part:

> § 702-237 **Entrapment.** (1) In any prosecution, it is an affirmative defense that the defendant engaged in the

10

prohibited conduct or caused the prohibited result because the defendant was induced or encouraged to do so by a law enforcement officer, or by a person acting in cooperation with a law enforcement officer, who, for the purpose of obtaining evidence of the commission of an offense . . . .:

. . . .

    (b)    Employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

As the Hawai'i Supreme Court has explained:

In enacting HRS § 702-237, the legislature adopted the approach of the Model Penal Code which endorsed the objective test of the entrapment defense. Under the objective test as we discussed in regard to the due process defense, the focus of inquiry is not on the predisposition of the defendant to commit the crime charged, but rather is on the conduct of the law enforcement officials.

State v. Agrabante, 73 Haw. 179, 192-93, 830 P.2d 492, 499 (1992) (citation and internal quotation marks omitted). Therefore, the dispositive question is whether the actions of the police conducting the undercover operation were "so extreme that it created a substantial risk that persons not ready to commit the offense alleged would be persuaded or induced to commit it." Id. at 193, 830 P.2d at 499 (citation and internal quotation marks omitted); see also Commentary to HRS § 702-237.

Albert argues the evidence showed that law enforcement initiated the contacts with him and deliberately entrapped him "even though there was no current activity to solicit someone to kill Chu" and they "set up the whole alleged crime and recorded the alleged crime." Albert does not identify any specific actions that he claims were so extreme as to constitute entrapment. The evidence showed that police acted on the tip of an informant that Albert had previously sought out someone to hire to kill Chu and was still actively seeking to have that end

11

accomplished. Police contacted Albert, posing as individuals secured by Ah Yun to perform the murder on Albert's behalf. Albert met with an undercover officer and explained to him that he wanted Chu murdered and helped formulate a plan for the murder.

"Allegations of entrapment require more than that the police provide an opportunity for commission of a crime. A mere solicitation of criminal activity by the police is not a sufficient inducement." State v. Tookes, 67 Haw. 608, 614, 699 P.2d 983, 987 (1985) (citations omitted). We conclude that there is no substantial evidence in the record to support an entrapment defense and, accordingly, that the Circuit Court did not err in denying Albert's motion for judgment of acquittal on this basis.

(4)  Albert argues that the Circuit Court erred in denying his motion for a new trial because the cumulative evidentiary rulings caused a miscarriage of justice requiring a new trial. Because we have concluded that Albert's evidentiary points are each without merit, it is unnecessary to address their alleged cumulative effect. See State v. Samuel, 74 Haw. 141, 159, 838 P.2d 1374, 1383 (1992) (unnecessary to address cumulative effect of alleged errors where individually the errors are insubstantial); State v. Mark, 120 Hawai'i 499, 518, 210 P.3d 22, 41 (App. 2009) (same).

(5)  Albert argues that the Circuit Court erred in imposing a sentence for a class A felony because criminal solicitation to commit murder should be classified as a class C felony. HRS § 705-512 (2014) establishes the grading, for

sentencing purposes, of criminal solicitation and states: "Criminal solicitation is an offense one class or grade, as the case may be, less than the offense solicited; <u>provided that criminal solicitation to commit murder in any degree is a class A felony.</u>" (Emphasis added). We conclude that the statute is clear and unambiguous that criminal solicitation to commit murder in any degree is a class A felony. Thus, the rule of lenity is not applicable here. <u>See State v. Kalani</u>, 108 Hawai'i 279, 288, 118 P.3d 1222, 1231 (2005).

For these reasons, the Circuit Court's November 16, 2016 Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 12, 2018.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief, Judge

Associate Judge

Associate Judge

13